Filed May 22, 1886.

---

No. 12,508.

## REYMAN v. PARKER.

PROMISSORY NOTE.—*Non Est Factum.*—*Evidence.*—*Principal and Surety.*— Where, under an issue of *non est factum* on the part of the surety, the principal in a promissory note testifies that he took the note to the surety's house about a certain date, where the latter signed it, and that. he was only there once to get a note signed, the surety may show that the principal's visit was on a different date, and that the note then. signed is not the note sued on.

From the Washington Circuit Court.

*S. B. Voyles* and *H. Morris,* for appellant.

*A. B. Collins* and *J. A. Zaring,* for appellee.

ELLIOTT, J.—The appellant and Robert Smith were sued by the appellee, Parker, upon a promissory note.  Smith made default, and the appellant filed a verified answer denying the execution of the note.

The appellee proved by Smith that the appellant signed the note, and he further testified that " Parker filled up the note on or about the 15th day of June, 1876, at his house, in Salem, and then I took it to Mr. Reyman's farm, near Salem, and.

he was working with his sheep, at the log stable on his place, and John Moore, now dead, and some others were there— don't know who the others were.   I asked Reyman to sign the note as surety, and he sent one of his little boys to the house for pen and ink; when the boy returned with pen and ink, Reyman went to the window-sill of one of the log stables and put his name to the note as it appears there." On cross-examination the witness said:  "I was never at Reyman's house but once to get him to sign a note for me as surety."

The appellant offered to prove by several witnesses that about May 15th, 1876, when John Moore and others were at his place, Smith came there to obtain appellant's signature to a note as surety; that he did sign a note, but that it was an entirely different note from the one sued on.   This evidence was excluded.

The appellee's counsel attempt to defend this ruling, on the ground that what was said on May 15th can not be compe- tent as affecting a transaction which did not take place until the 15th day of June.   This position rests entirely upon an undue assumption.   If the assumption were conceded to be valid, doubtless the conclusion would follow, but the assump- tion can not be conceded to be a valid one.   This we say, be- cause the uncontradicted testimony of the appellee's witness Smith was that he visited appellant's place but once for the purpose of getting him to become his surety, and this was the testimony of the appellant and his witnesses.   In the face of this evidence counsel have no right to assume that the transaction took place on the 15th day of June, for it is per- fectly clear that if Smith was at appellant's place but once for the purpose of obtaining his signature to a note, he had a right to show what was done at that time.

If there was, as the evidence admitted showed and that offered would have also shown, only one note ever signed by the appellant as surety for Smith, he undoubtedly had a right to show that the note signed by him as Smith's surety was not the note sued on.   The execution of the note on which

Reyman *v.* Parker.

the action is based was denied under oath, and, of course, did not conclude the appellant from proving that he signed only one note as surety for Smith, and that the note so signed was not the one described in the appellee's complaint. It was the duty of the court to submit the evidence to the jury, for there was nothing in the pleadings or evidence warranting the conclusive assumption that the transaction between the appellant and Smith did take place on the 15th day of June. If that was the day on which the transaction did actually take place, then, what was done on the 15th of May could not affect the rights of the plaintiff; but the question is, did the only transaction between the parties take place on that day, or did it take place in May? The error of the trial court was in assuming, in the face of the proffered evidence, that it did take place in June. That question ought to have gone to the jury under proper instructions.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed May 21, 1886.

END OF THE NOVEMBER TERM, 1885.